UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-21-DMG (JCx)** | Date | March 11, 2019 |
|---|---|---|---|
| Title | *Kendra Sloan v. IHG Management (Maryland) LLC, et al.* | Page | 1 of 5 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]**

## I.
## BACKGROUND

On October 5, 2018, Plaintiff Kendra Sloan filed a Complaint in Los Angeles County Superior Court against Defendant IHG Management (Maryland) LLC.[1] [Doc. # 3.] The now-operative First Amended Complaint alleges that Defendant violated California's Private Attorneys General Act ("PAGA") by engaging in conduct prohibited by the California Labor Code ("CLC"). [Doc. # 16 ("FAC").] Defendants removed the case to this Court on January 2, 2019. [Doc. # 1 ("Notice of Removal").] Sloan then filed the instant Motion to Remand, which is now fully briefed. [Doc. ## 19 ("MTR"), 20 ("Opp."), 22 ("Reply").] Because Defendants have not established the amount in controversy necessary to litigate a diversity action in federal court, Plaintiff's MTR is **GRANTED**.

## II.
## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a), a district court shall have jurisdiction over a civil action where the amount in controversy exceeds the sum or value of $75,000 and where there is complete diversity of citizenship between the parties. Under 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

If a plaintiff challenges jurisdiction after removal and the complaint itself does not specify a particular amount of damages, the removing defendant bears the burden of establishing

---

[1] The Complaint named two Defendants: IHG Management (Maryland) LLC and IHG Management Maryland LLC, both doing business as Hotel Indigo Los Angeles Downtown. Based on the briefing before the Court, the IHG Management entities appear to be the same Defendant.

UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-21-DMG (JCx)** | Date | March 11, 2019 |
|---|---|---|---|
| Title | ***Kendra Sloan v. IHG Management (Maryland) LLC, et al.*** | Page | 2 of 5 |

by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," such that there is a "strong presumption" against such jurisdiction. *See Gaus*, 980 F.2d at 566; *see also Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1091 (9th Cir. 2003). "Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See Gaus*, 980 F.2d at 566 (emphasis added).

### III.
### DISCUSSION

The parties do not dispute that complete diversity of citizenship exists between them. But they have very different understandings of the amount in controversy. Their disagreement centers on which portions of a potential PAGA recovery courts may consider for purposes of determining diversity jurisdiction.

**A.      PAGA Penalties and the Amount in Controversy**

A PAGA plaintiff brings her cause of action "as the proxy or agent of the state's labor law enforcement agencies." *Reyes v. Macy's, Inc.*, 202 Cal. App. 4th 1119, 1123 (2011). PAGA plaintiffs may also bring their suits in a representative capacity on behalf of other current and former employees. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). PAGA requires that any penalties assessed against a defendant "be distributed as follows: 75 percent to the Labor and Workforce Development Agency . . . and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i).

This recovery arrangement originally presented two questions for courts calculating the amount in controversy in PAGA actions: (1) whether to aggregate all aggrieved employees' claims, and (2) whether to aggregate the employees' 25% share with the Labor and Workforce Development Agency's ("LWDA") 75% share. The Ninth Circuit has clearly answered the first question—courts should not pool all employees' claims together for jurisdictional purposes. *Urbino*, 726 F.3d at 1122. It has not clearly answered the second. Defendant argues that courts

UNITED STATES DISTRICT COURT         JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-21-DMG (JCx)** | Date | March 11, 2019 |
| Title | ***Kendra Sloan v. IHG Management (Maryland) LLC, et al.*** | Page | 3 of 5 |

may consider LWDA's share (and that doing so establishes the necessary amount in controversy), and Plaintiff argues the opposite. Each side claims *Urbino* supports its position.

The closest *Urbino* came to providing an answer was its statement that:

> [T]he interest [Plaintiff] asserts is not his individual interest but rather the state's collective interest in enforcing its labor laws through PAGA. . . . To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a "citizen" for diversity purposes.

*Id.* at 1122–23.

District courts are split over *Urbino*'s meaning with respect to the second question. One school of thought is that courts should consider only the plaintiff's stake in the 25% share distributed to aggrieved employees. *See e.g., Van Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018) ("The Court here agrees that *Urbino*, as well as the decisions in . . . similar district court decisions, support the conclusion that the 75% share of any PAGA recovery to be paid to the LWDA should not be aggregated with plaintiff's 25% share to establish the amount in controversy threshold."). The other is that courts should take into account 100% of the penalties stemming from the plaintiff's claims, even though 75% goes to LWDA. *See e.g., Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1048 (N.D. Cal. 2014) (Tigar, J.) ("For these reasons, the entire amount of PAGA penalties attributable to Patel's claims count towards the amount in controversy."); *but see Garrett v. Bank of Am., N.A.*, 2014 WL 1648759, at *6 (N.D. Cal. 2014) (Tigar, J.) (calculating amount in controversy using only the 25% share designated for employees).

After reviewing the case law, the Court concludes that the reasoning in *Van Steenhuyse* is more persuasive.[2] The Court sees no logical reason for Courts to refuse to consider one portion

---

[2] *See Lopez v. Ace Cash Exp., Inc.*, 2015 WL 1383535, at *4–5 (C.D. Cal. 2015) ("[N]either the share of the other workers nor the share of the state is to be considered."); *Willis v. Xerox Business Services, LLC*, 2013 WL 6053831 (E.D. Cal. 2013) (considering only 25% of the alleged $35,100 attributable to the named plaintiff (*i.e.*, $8,775)); *Olson v. Michaels Stores, Inc.*, 2017 WL 3317811 at *4 n. 2 (C.D. Cal. 2017) (calculating the plaintiff's *pro rata* share by taking 25% of the total penalties owed all the aggrieved employees and then dividing it by the number of employees); *Adame v. Comtrak Logistics, Inc.*, 2016 WL 1389754 at *5 (C.D. Cal. 2016) (taking the defendants' estimates of $185,050 in penalties per employee, but only considering 25% of it for the amount in controversy ($47,762)); *Moberly v. FedEx Corp. et al*, 2019 WL 927295, at *3 (E.D. Cal. 2019) ("After reviewing

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-21-DMG (JCx)** | Date | March 11, 2019 |
|---|---|---|---|
| Title | ***Kendra Sloan v. IHG Management (Maryland) LLC, et al.*** | Page | 4 of 5 |

of an award that the plaintiff will not recover (the other aggrieved employees' shares), but take into account another portion that the plaintiff will not recover (LWDA's share). Including LWDA's share in the calculation would come into tension with *Urbino*'s language that California is not a "citizen" for diversity purposes. It would also greatly increase the number of cases that defendants could remove to federal court. That reality runs counter to the congressional intent to restrict federal jurisdiction, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938), the general presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, and *Urbino*'s description of PAGA actions as "quintessential California dispute[s]." *Urbino,* 726 F.3d at 1123. The Court shall therefore only take into account Plaintiff's portion of the 25% that aggrieved employees may recover.[3]

**B.**      **Calculating the Amount in Controversy**

Defendant initially estimated in its Notice of Removal that there was $331,200 in PAGA penalties in controversy here. *See* Notice of Removal at 14-15. It increased that estimate to $105,662,200 in its Opposition. Opp. at 2, 12-14. It also admits there are 1,656 qualified employees. *Id.* at 12. Using that number of employees and the higher amount of penalties, the amount in controversy for the average aggrieved employee is $15,951.42.[4] Defendant argues that, rather than take the average amount attributable to each employee, the Court should focus on one specific employee, identified only as Employee ID 565500. Defendant's alleged violations with respect to Employee ID 565500 purportedly expose it to a total of $104,300 in penalties, substantially more than its total exposure with respect to the average employee: $63,805.68. For two reasons, however, this discrepancy does not matter. First, courts generally

---

the divided case law . . . the court joins those sister courts who have determined the LWDA's 75% share of any PAGA recovery cannot be aggregated with the plaintiff's 25% share to determine the amount in controversy."); *Rael v. Intercontinental Hotels Group Resources, Inc.*, 2019 WL 990432, at *2 (C.D. Cal. 2019) ("[T]he more persuasive reading of *Urbino* is that neither the share of other workers nor the LWDA share shall be considered.").

     [3] Defendants also cite *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), and *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348 (2015), to argue that the Court should consider LWDA's 75% share *alone* in calculating the amount in controversy. Opp. at 9-10. These cases discuss PAGA, but do so primarily in the context of whether employer-defendants can include waivers of PAGA claims in arbitration agreements. They state that PAGA actions are brought on behalf of LWDA, but they do not explicitly call into question the framework of calculating amounts in controversy by dividing the potential recovery between aggrieved employees and between employees and California. In short, these cases do not sufficiently address the precise question here. The Court therefore declines to disregard the more persuasive reading of *Urbino* and the growing body of district court cases that consider only the plaintiff's share of any PAGA recovery when calculating the amount in controversy.

     [4] Twenty-five percent of $105,662,200 is $26,415,550. One employee's share of that amount (1/1,625) is $15,951.42.

UNITED STATES DISTRICT COURT       JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-21-DMG (JCx)** | Date | March 11, 2019 |
|---|---|---|---|
| Title | ***Kendra Sloan v. IHG Management (Maryland) LLC, et al.*** | Page | 5 of 5 |

calculate the amount in controversy in PAGA actions by averaging the total potential exposure across the total number of plaintiffs. *See Urbino*, 726 F.3d at 1121; *see also Urbino v. Orkin Services of California, Inc.*, 882 F. Supp. 2d 1153, 1158 (C.D. Cal. 2011) (calculating the value of plaintiff' claim by dividing the total potential penalties by the number of employees). Second, the $104,300 total value of Employee ID 565500's claims falls to $26,075—still far short of the jurisdictional requirement—once the Court removes LWDA's 75% share.

Adding attorneys' fees—the final piece of the amount-in-controversy puzzle—to Plaintiff's individual share of the recovery does not push her claims' value over the $75,000 threshold. Defendant does not provide an estimate of the fees Plaintiff's counsel will incur, but both sides use 25% of the total recovery as a "benchmark" amount for this purpose. MTR at 7; Opp. at 3. One quarter of $105,662,200 is $26,415,550. As is the case with the value of Plaintiff's claims, however, "only the portion of attorney's fees attributable to [the plaintiff's] claims count towards the amount in controversy." *Patel*, 58 F. Supp. 3d at 1049. Dividing $26,415,550 by the number of aggrieved employees reduces the attorneys' fees in controversy to $15,951.42 per employee. Adding this amount to the $15,951.42 average amount already in controversy (or the $26,075 in controversy under Defendant's Employee ID 565500-based theory) yields a total of $31,902.84 (or $52,150).

Accordingly, the Court lacks subject matter jurisdiction over the case because Plaintiff has put less than $75,000 in controversy.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand is **GRANTED** and this case is hereby **REMANDED** to Los Angeles County Superior Court.